| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:07-CR-1(8) |
| | § | |
| RICKY LIONEL GIBBY | § | |

## ORDER

Pending before the court is Defendant Ricky Lionel Gibby's ("Gibby") *Pro Se* Motion to Terminate Defendant's Supervised Release (#366). Having considered the motion and the applicable law, the court is of the opinion that Gibby's motion should be denied.

On January 16, 2008, Gibby pleaded guilty to one count of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846. This court sentenced Gibby to a term of 97 months' imprisonment followed by a term of five years of supervised release. In the instant motion, Gibby seeks to terminate his period of supervised release.

The imposition, modification, or revocation of a term of supervised release is governed by 18 U.S.C. § 3583. The district court has discretion to impose conditions that it deems appropriate on a defendant's term of supervised release, so long as those terms are related to the circumstances of the offense, adequate deterrence, protection of the public, and correctional treatment. 18 U.S.C. § 3583(d); *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007); *United States v. Ferguson*, 369 F.3d 847, 849 (5th Cir. 2004). Such conditions, however, "cannot involve a greater deprivation of liberty than is reasonably necessary to achieve [these] statutory goals." *Buchanan*, 485 F.3d at 287 (quoting *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001)). Under § 3583(e)(2), after considering the factors listed above, the court may "modify, reduce, or

enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e); *see United States v. Johnson*, 529 U.S. 53, 60 (2000) ("The trial court, as it sees fit, may modify an individual's conditions of supervised release.").

Here, the court does not believe that the termination of Gibby's supervised release is warranted at this time. Gibby has served approximately 31 months of his 60 months of supervised release and has satisfactorily complied with the terms of his supervised release to this point. Nevertheless, given the nature of Gibby's conviction, his failure to comply with the terms of his pretrial release, his prior drug convictions, and his history of substance abuse, the court finds that a continued period of supervised release will promote respect for the law, serve as just punishment for the crime committed, and provide added deterrence to any future criminal conduct. *See* 18 U.S.C. § 3583(e) (providing the factors to be considered by the court in modifying a term of supervised release); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B-D), and (a)(4-7). Accordingly, Gibby's motion to terminate his supervised release is DENIED.

SIGNED at Plano, Texas, this 16th day of December, 2015.

                                                 *Marcia A. Crone*
                                                 _____
                                                      MARCIA A. CRONE
                                            UNITED STATES DISTRICT JUDGE